# 5UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| SABRINA TOLBERT, on behalf of JAYLAND D. WHITE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:20-cv-1307-GMB |
| KILOLO KIJAKAZI,¹ Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | |

## **MEMORANDUM OPINION**

On March 20, 2014, Plaintiff Sabrina Tolbert filed an application for supplemental security income ("SSI") on behalf of her minor son, Jayland D. White. The ALJ held a telephone hearing on July 9, 2020, and denied Tolbert's claims on August 27, 2020.  Tolbert sent a letter to the Appeals Council contesting the denial. R. 1062–64.  The Appeals Council interpreted Tolbert's letter as a request for more time to file a civil action. R. 1060.  As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of August 27, 2020.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul.  No further action must be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Tolbert's claims on behalf of White are now before the court for review pursuant to 42 U.S.C. § 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 18. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[2]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted).

---

[2] In general, the legal standards are the same whether a claimant seeks disability insurance benefits ("DIB") or SSI. However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

"Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (citing *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human*

*Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

### A. Childhood Disability

A claimant under the age of 18 is considered disabled if he shows a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). White bears the burden of proving that he is disabled, and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

For those under the age of 18, a determination of disability under the Social Security Act requires a three-step analysis. 20 C.F.R. § 416.924(a). The Commissioner must determine in sequence:

  (1) Is the child engaged in substantial gainful activity?
  (2) Are the child's impairments severe?
  (3) Do the child's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

4

*See Ware v. Colvin*, 997 F. Supp. 2d 1212 (N.D. Ala. 2014).

In determining whether an impairment or combination of impairments meets a listing, "the ALJ must consider six 'domains,' which are 'broad areas of functioning intended to capture all of what a child can and cannot do.'" *Bryant v. Soc. Sec. Admin.*, 478 F. App'x 644, 645 (11th Cir. 2012) (quoting 20 C.F.R. § 416.926a(b)(1)). Those domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objections, (5) caring for yourself, and (6) health and physical wellbeing. 20 C.F.R. § 416.926a(b)(1). "Functional equivalence is found if the child's impairment or combination of impairments results in marked limitations in two domains of functioning or an extreme limitation in one domain." *Ware*, 997 F. Supp. 2d at 1216 (internal citation and quotation omitted). "If the impairment(s) does not satisfy the duration requirements, or does not meet, medically equal, or functionally equal one of the Listings in the Regulations, a finding of not disabled will be reached and the claim will be denied." *Id.*

Applying the three-step analysis, the ALJ found that White was not engaged in substantial gainful activity from March 20, 2014, the date of his application, through January 14, 2019, the date he reached the age of 18. R. 1073. At step two, the ALJ found that White suffered from six severe impairments: seizure disorder, migraine headaches, narcolepsy, blepharitis, gastroesophageal reflux disease, and

attention deficit hyperactivity disorder. R. 1073. The ALJ also considered White's medically determinable impairments of flat feet, left knee traumatic prepatellar bursitis, asthma, and allergic rhinitis, but determined that these were non-severe impairments because they resulted in only minimal functional limitations. R. 1073–74.

At step three, the ALJ found that White did not have an impairment or combination of impairments meeting or medically equal to the severity of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 1074. In arriving at this determination, the ALJ relied on the objective medical evidence in the record; reports from schoolteachers, family members, and friends; testimony from White and his mother; and other relevant evidence in the record, including information on how White has functioned over time in various settings. R. 1077. The ALJ's review included Tolbert's testimony from two hearings.[3] R. 1077–78. The ALJ also reviewed the medical record for information on any side effects of White's medications. R. 1080–81.

Based on this evidence, the ALJ found that White did not have an impairment or combination of impairments that resulted in either "marked" limitations in two

---

[3] After the first hearing, the ALJ denied White's application for benefits, and White appealed the denial to this court. *Tolbert v. Berryill*, 2019 WL 3817641 (N.D. Ala. Aug. 4, 2019). The court reversed the ALJ's decision and remanded White's case to the ALJ for a new disability determination and a more thorough consideration of the side effects of White's prescription medications. *Id.* at *5.

6

domains of functioning or "extreme" limitation in one domain of functioning. R. 1090. The ALJ thus concluded that White was not disabled before he reached 18 years old. R. 1090.

**B.     Adult Disability**

For an adult to qualify for disability benefits, he must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).

A determination of adult disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine in sequence:

> (1) Is the claimant presently unable to engage in substantial gainful activity?
> (2) Are the claimant's impairments severe?
> (3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the claimant unable to perform her former occupation?
> (5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer

7

to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

Applying the sequential evaluation process, the ALJ found that White had not engaged in substantial gainful activity since turning 18, which would include the period from October 2019 through December 2019. R. 1091. At step two, the ALJ found White continued to have the same severe impairments that had been present before he reached 18 without developing any new impairments. R. 1091. At step three, the ALJ found White did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 1091. Before proceeding to step four, the ALJ determined White had the Residual Functional Capacity ("RFC") to perform medium work as defined by 20 C.F.R. 416.967(c), with the additional limitations that

> he can never climb ropes, ladders, or scaffolds, work at unprotected heights, or engage in commercial driving; he must avoid moving, unguarded machinery; he can understand, remember, and apply simple instructions and tasks; he is limited to simple, routine, and repetitive tasks not performed in a fast-paced environment; he is limited to jobs involving infrequent and well-explained workplace changes; he is

> limited to casual non-intensive interaction with the general public; and he can concentrate and remain on task for two hours at a time, sufficient to complete an eight-hour workday.

R. 1093. In making this determination, the ALJ considered testimony from White and Tolbert, along with the objective medical evidence. R. 1094–96.

The ALJ determined that White did not have any past relevant work. R. 1096. The ALJ next relied on the testimony of a Vocational Expert ("VE") to find that

> considering [White's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [White] can perform.

R. 1096–97. Thus, at step five of the five-step sequential process, the ALJ found White not to be disabled from March 20, 2014, the date his application was filed, through August 27, 2020, the date of the decision. R. 1097.

### III. RELEVANT FACTUAL BACKGROUND

White was an adolescent under the age of 18 at the time of his application on March 20, 2014. R. 1073. At the time of the hearing, White was 19 years old, and therefore an adult. R. 1136. He has lived at home with his mother and two sisters at all relevant times. R. 1115. White graduated from high school in 2019. R. 1436.

Since his adolescence, White has had seizures, migraines, and narcolepsy. R. 68, 70–3. As a child, White's seizures and migraines caused him to miss school to attend doctor's appointments or otherwise tend to his medical needs. R. 61–2, 65–68. To treat his seizures, migraines, and narcolepsy, White has been prescribed

Keppra, Maxalt, and Provigil. R. 85. White's mother testified that his medications have caused him to feel lethargic and nauseous, and also to have memory problems and a decreased appetite. R. 1139 & 1141. She testified that White's medications did not help with his drowsiness and he often slept during the day. R. 1139.

White currently works at Walmart on a part-time basis. R. 1120. White typically works four-hour or eight-hour shifts. R. 1119. He has not asked for more hours because he does not feel comfortable working for a longer amount of time. R. 1122. At work, White has been reprimanded for productivity issues and forgetting to complete tasks. R. 1122. He has difficulty getting along with his supervisors and does not take criticism well. R. 1130, 1138. White frequently calls in sick because of his migraines and stomach pain. R. 1122. When White has a migraine at work, he has asked to leave but has been told that it would be "an ethics issue." R. 1130. White has fallen asleep at work when his medications caused drowsiness. R.1127, 1131.

When White is not at work, he likes to play video games, card games, and strategy games. R. 1116. He spends most of the rest of his time sleeping. R. 1117, 1129. White's primary household responsibility is to take out the trash, and he often complains about this chore. R. 1136. White does not cook with a stove or wash his own clothes. R. 1137. His mother gives him his medication, and at times she must remind him that he has already taken it. R. 1138, 1141.

## IV.  DISCUSSION

Tolbert makes three arguments in favor of remand: (1) the ALJ failed to accord proper weight to the opinions of the examining psychologist, Dr. June Nichols; (2) the ALJ did not adequately consider Tolbert's testimony about the side effects of White's medications; and (3) the ALJ's decision was not supported by substantial evidence. Doc. 17 at 14–24.

Before addressing the merits of the second and third arguments, the court finds that Tolbert abandoned the first argument.  "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co*., 385 F.3d 1324, 1330 (11th Cir. 2004).  "[A]n appellant's brief must include an argument containing appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Singh v. U.S. Att'y Gen*., 561 F.3d 1275, 1278 (11th Cir. 2009) (quotation marks omitted).  A recent panel of the Eleventh Circuit, in an unpublished opinion, applied *Singh* to a brief in another case, finding that the plaintiff abandoned an issue on appeal "because her initial brief simply mentions the issue without providing any supporting argument." *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing *Singh*, 561 F.3d at 1278–79); *see also Bailey v. Soc. Sec. Admin., Comm'r*, 2019 WL 5787955, at *1 n.1 (11th Cir. Nov. 6, 2019) (declining to address one of the plaintiff's arguments

because she raised it "'in a perfunctory manner without supporting arguments'") (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–82 (11th Cir. 2014)); *Morgan v. Soc. Sec. Admin., Comm'r*, 2019 WL 1466259 (N.D. Ala. Apr. 3, 2019) (finding plaintiff abandoned her argument that the ALJ improperly considered her fibromyalgia when she did not identify a specific error and did not explain why she believed the ALJ's evaluation of her fibromyalgia ran afoul of SSR 12-2p).

In the section of her brief dedicated to Dr. Nichols, Tolbert includes block quotations of the ALJ's decision or case law relating to medical opinions. Doc. 17 at 14–19. The brief does not, however, provide any substantive analysis supporting Tolbert's claim that the ALJ erred in her consideration of Dr. Nichols' opinion. This sort of perfunctory argument does not give the Commissioner or the court any guidance on Tolbert's argument aside from the fact that she asserts error. *See Singh*, 561 F.3d at 1278 ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue . . . ."); *see also Sapuppo*, 739 F.3d at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Tolbert attempts to cure this deficiency in her reply brief, but again fails to muster any more of an argument than wholesale quotations of portions of Dr.

12

Nichols' evaluation, the ALJ's decision, and related case law. Doc. 20 at 2–8. For these reasons, the court finds that Tolbert has abandoned her first argument for remand. The court addresses her remaining arguments below.

**A.     Medication Side Effects**

Tolbert argues that the ALJ did not appropriately consider her testimony about the side effects of White's medications. Doc. 17 at 19. This argument parallels an argument Tolbert made during her first appeal, and it is the basis upon which this court remanded White's case to the ALJ for a new determination of disability. *See Tolbert*, 2019 WL 3817641, at *5. This time, however, the court finds that the ALJ properly evaluated Tolbert's testimony.

When determining disability, the "ALJ considers the claimant's subjective symptoms," including the "effectiveness and side effects of any medications taken for those symptoms." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010); *McDevitt v. Comm'r of Soc. Sec.*, 241 F. App'x 615, 619 (11th Cir. 2007) ("[A]n ALJ has a duty to investigate the possible side effects of medications taken by a claimant."). And while the ALJ must develop an adequate record, "the ALJ's obligation to develop the record does not relieve the claimant of the burden of proving [he] is disabled." *Walker*, 404 F. App'x at 366. Instead, White must introduce evidence supporting his claims about medicinal side effects. *Id.*

Here, the ALJ properly considered all testimony about White's medications

13

and their side effects. Tolbert testified that White's medication caused him to feel lethargic and nauseous, to have memory problems, and decreased his appetite. R. 1139, 1141. White also testified that his medication caused drowsiness and stomach pain. R. 1127. The ALJ considered this testimony but determined that it was contrary to the medical record. R. 1080–83, 1095.

The ALJ found that White's records frequently reflected that he was tolerating his seizure medication (Keppra) without experiencing side effects. *See* R. 1080 (citing R. 1692, 1715, 2119, 2126, 2129, 2134, 2137, 2143, 2145, 2158, 2161, 2166, 2169, 2173, 2176, 2182, 2185). The medical record further confirmed that White's condition improved when he took his narcolepsy medication (Provigil) and that he had not complained of side effects. R. 1632, 1634, 1709, 1752–54. As to White's complaints of drowsiness, the ALJ observed that he was capable of staying awake to do activities he enjoys, such as playing video games or strategy card games. R. 1709, 1116–17. Additionally, the ALJ found no record support for Tolbert's testimony that White's headache medication (Maxalt) made him nauseous. R. 1990–92. The records instead reflected that Maxalt was often helpful and rarely, if ever, resulted in side effects when White remembered to take the drug and had access to it. R. 708–14, 1778, 1846, 1875.

The ALJ thus considered the testimony about White's medicinal side effects and found the testimony unsupported by the medical record. The ALJ did not err in

her evaluation of this evidence. *See Gibson v. Astrue*, 2009 WL 5067757, *8 (M.D. Fla. Dec. 15, 2009) ("The ALJ fulfilled [her duty to investigate the possible side effects of medications taken by a claimant] by eliciting testimony regarding Plaintiff's side effects and considered the testimony in her decision.").

**B.     Substantial Evidence**

Tolbert next argues that the ALJ lacked substantial evidence to find that White was not disabled. Doc. 17 at 24–27.  The court disagrees.

Tolbert bears the burden of showing that the ALJ lacked substantial evidence to to support her findings. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (noting that the claimant has the burden of providing evidence in support of her claim).  Tolbert's brief includes block quotations of treatment records and the ALJ's original decision but does not explain how the second decision lacks substantial evidence for its findings. Doc. 17 at 25–27.  Moreover, the ALJ's first opinion does not control the outcome of her second opinion. *See Gibbs v. Barnhart*, 130 F. App'x 426, 430 (11th Cir. 2005) (finding that a previous ALJ's findings are not binding on another ALJ on remand).

In her most recent opinion, the ALJ addressed both the childhood and adult standards of disability. R. 1073–98.  She evaluated the totality of White's medical history, paying close attention to the side effects of White's medication. R. 1079–81, 1093–95.  She also considered the testimony from Tolbert and White about

15

White's medical problems (R. 1094), the observations of White's teachers (R. 1083–90), and White's recent work history. R. 1091, 1093. On this record, the court concludes that substantial evidence supported the ALJ's denial of White's application for SSI benefits.

## V.  CONCLUSION

For these reasons, the court concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Therefore, the decision of the Commissioner is due to be affirmed. A final judgment will be entered separately.

DONE and ORDERED on May 4, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE